1 iSCHOTT, Chief Judge,
concurring:
After concluding that defense counsel’s actions with respect to the hearsay evidence were reasonably related to a viable defense strategy my colleagues proceed with an anal *586 ysis to determine whether, assuming that counsel’s performance was below a reasonable standard, the deficient performance resulted in prejudice to the defendant. They then disregard the hearsay and apply a Jackson v. Virginia review of the remaining evidence.
If we assume that the admission of this evidence was not justified by defense strategy it was erroneously admitted and erroneously considered by the jury. At this point a harmless error analysis is in order. As a reviewing court we must be convinced beyond a reasonable doubt that this evidence did not contribute to the verdict in order to conclude that the error was harmless and to affirm the judgment.
The Jackson v. Virginia standard applies when all evidence is admissible. Once an appellate court finds that inadmissible evidence was erroneously admitted the harmless error analysis, which is more stringent than the Jackson v. Virginia analysis, must be made.
For these reasons I do not join my colleagues in their Jackson v. Virginia analysis, but I concur in the result because I am satisfied that this hearsay evidence was knowingly allowed to come in by defense counsel based upon an intelligent strategic decision.